# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KBF SECURITY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-20-0643-F |
| | ) |
| SLYDER ENERGY SOLUTIONS, L.L.C. and KYLE TATROULT, an individual, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court has a duty to inquire into its own jurisdiction.  Tuck v. United Services Automobile Assoc. 859 F.2d 842, 844 (10th Cir. 1998).  Upon review of the complaint, it is apparent the court's subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The complaint, however, fails to adequately allege facts regarding the citizenship of the parties.

First, the complaint alleges that defendant Slyder Energy Solutions, L.L.C., is an Oklahoma limited liability company with its principal place of business in Oklahoma.  But the citizenship of a limited liability company is determined by the citizenship of its members.  Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1234 (10th Cir. 2015).  Accordingly, the complaint must identify each of

the members of the limited liability company, and each member's specific[1] state(s) of citizenship, down through all levels of membership.[2]

Second, the complaint alleges that defendant Kyle Tatroult is a resident of the State of Oklahoma. For purposes of § 1332, citizenship and residence are two entirely distinct concepts.[3] To support diversity jurisdiction, plaintiff must allege Tatroult's specific state of citizenship.

Plaintiff, as the party invoking this court's jurisdiction, is **DIRECTED** to file, within fourteen days of the date of this order, a first amended complaint which provides all of the missing jurisdictional information identified in this order. Allegations may be based on information and belief. Absent compliance, this action may be dismissed without prejudice or other measures may be taken.

IT IS SO ORDERED this 9th day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0643p001.docx

---

[1] *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the State of New York is "clearly insufficient to establish diversity jurisdiction").

[2] For example, if a member is an individual, then jurisdictional information is required regarding the individual's specific state of citizenship. If a member is an entity, then the nature of the jurisdictional information required depends on the type of entity.

[3] A natural person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 498 U.S. 426, 428 (1989). A person's domicile is determined at the time the action is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).