## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KBF SECURITY, INC., | ) |
|     Plaintiff, | ) |
| -vs- | ) Case No. CIV-20-0643-F |
| SLYDER ENERGY SOLUTIONS, L.L.C. and KYLE TARTROULT, an individual, | ) |
|     Defendants. | ) |

## **ORDER**

With respect to defendant Slyder Energy Solutions, LLC, the first amended complaint (doc. no. 7, filed in response to the court's order of July 9, 2020 at doc. no. 5) added the allegation that "all member(s) of Slyder are citizens of the state of Oklahoma." Doc. no. 7, ¶ 3.

This allegation does not fully comply with the court's July 9 order. That order required plaintiff to identify each of Slyder's members (doc. no. 5, pp. 1-2), yet the first amended complaint does not do so.

In addition, the July 9 order required plaintiff to allege specific jurisdictional information with respect to each member of Slyder, down through all levels of membership. Doc. no. 5, p.2, n.2. Because the first amended complaint fails to identify the members of Slyder, the court is left guessing about what, if any, additional information may be required in this regard. Furthermore, should it turn out that any of Slyder's members are entities, then additional allegations are required

because plaintiff must set out all matters necessary to determine that type of entity's specific state or states of citizenship.[1]

Plaintiff is **DIRECTED** to file, within fourteen days of the date of this order, a second amended complaint which provides all of the missing jurisdictional information.[2] This information may be alleged based on information and belief. If this information is not available to plaintiff, plaintiff may so inform the court by filing a short notice to that effect, in which case plaintiff **SHALL** bring this matter to the court's attention at the status and scheduling conference.

Absent compliance with this order, this action may be dismissed without prejudice or other measures may be taken.

IT IS SO ORDERED this 21st day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0643p002.docx

---

[1] For example, if any member of Slyder is a corporation, then plaintiff must identify that corporation and allege the specific states in which that corporation is incorporated and has its principal place of business. If any member of Slyder is another LLC, then plaintiff must identify that LLC along with each of that LLC's members and each of those member's specific states of citizenship, and so on, down through all levels of membership. These are just examples as the rules for determining the citizenship of different types of entities varies.

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court notes that it is not unusual for the court of appeals, after a case has run its entire course in the district court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.