# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KBF SECURITY, INC., | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-20-0643-F |
| SLYDER ENERGY, LLC, and KYLE TATROULT, an Individual, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Defendant Slyder Energy, LLC (Slyder), moves to dismiss the crossclaims filed against it by co-defendant Kyle Tatroult. Doc. no. 27. Tatroult has responded, objecting to dismissal. Doc. no. 28. No reply brief was filed.

Slyder argues that Tatroult's crossclaims do not satisfy Rule 13(g), Fed. R. Civ. P., and should be dismissed. For the reasons stated below, the court agrees.

To the extent relevant here, Rule 13(g) provides as follows.

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action….

Although several tests have been used by the courts when applying Rule 13(g), the logical relationship test—that is, whether the crossclaim involves many of the same factual and legal issues present in the main action—generally has been accepted as the standard for determining whether there is a properly assertable crossclaim. Allstate Insurance Co. v. Daniels, 87 F.R.D. 1, **4-5 (W.D. Okla. 1978), citing Wright & Miller, Federal Rules of Civil Procedure § 1432. "A general

relevancy between the original action and the cross-claim is not enough to satisfy Rule 13(g). There must be present the same transaction or occurrence as set forth in the Rule or identical issues." Allstate, 87 F.R.D. at *5. (In Allstate, the court dismissed a crossclaim alleging negligence where the original cause of action involved a question of insurance coverage.)

## The Original Action

The original action was brought by KBF Security, Inc. (KBF). The original action alleges that KBF is the insurer under an insurance policy which KBF has with SPOC Leasing, Inc., in which SPOC Automation, Inc. (SPOC) is an additional insured. The original action alleges that as the insurer, KBF paid SPOC an amount to cover a debt owed to SPOC by Slyder under a credit agreement. Pursuant to the credit agreement, SPOC extended credit to Slyder for the purchase of equipment and merchandise from SPOC. KBF alleges that in light of its payment to SPOC, KBF is subrogated to the rights of SPOC against defendants Slyder and Tatroult.

A copy of the credit agreement between SPOC and Slyder is attached to the first amended complaint. Doc. no. 7-1. It appears to show that it was agreed to by Slyder. Tatroult apparently signed for Slyder, in Tatroult's capacity as Director of Business Development. *Id.*, p. 2. The credit agreement also appears to show that it was personally guaranteed by Tatroult in a provision entitled "Personal Continuing Guaranty," which shows Tatroult as a "guarantor." *Id*.

In short, the original action alleges that plaintiff KBF, having paid SPOC an amount to cover a debt owed to SPOC by Slyder and guaranteed by Tatroult, is entitled to recover that amount from Slyder and Tatroult. The original action brings KBF's claims under two theories of recovery. First, KBF alleges damages for breach of contract, based on Slyder and Tatroult's default on their obligations under the credit agreement and other indebtedness instruments. Second, KBF seeks recovery of its damages from Slyder and Tatroult under an "account stated" theory of

recovery. In that regard, KBF alleges that SPOC has presented invoices to Slyder and Tatroult for payment, which Slyder and Tatroult have received and acknowledged.

## The Crossclaims

Tatroult's crossclaims (found in doc. no. 26) allege that Slyder owes Tatroult unpaid salary as well as reimbursement for Tatroult's monthly insurance cost ($400.00 per month), during a certain period. The crossclaims allege that in May of 2016, Slyder reduced Tatroult's $80,000.00 salary by fifty percent, stating that Slyder was struggling and would reinstate Tatroult's pay and benefits after the downturn. The crossclaims allege that in August of 2017, Slyder reinstated Tatroult's monthly insurance reimbursement but Tatroult's salary was never restored. The crossclaims allege that during the same period, Slyder spent hundreds of thousands of dollars on new vehicles and equipment, hired new employees, completed construction projects to improve Slyder's facility, and that the company's owner spent money on luxury items. The crossclaims allege that Tatroult left the company in November of 2018.

Tatroult's crossclaims seek recovery from Slyder based on two theories of recovery. First, Tatroult seeks damages for breach of an implied contract, seeking unpaid salary and reimbursement for his monthly insurance costs. Second, Tatroult seeks recovery under a quantum meruit theory.

## Discussion

Tatroult argues that his crossclaims satisfy Rule 13(g) because, but for his employment relationship with Slyder, he would not be involved in the claims that are alleged in the original action by KBF. That is a correct statement as far as it goes. However, in the circumstances of this case, Rule 13(g) requires much more than the employment relationship on which Tatroult relies.

Tatroult also argues that his crossclaims, like the claims in the original action, arise out of contractual obligations.  He points out that this is a different situation than the situations presented in the cases relied on by Slyder, which involved insurance coverage (claims based on a contract) and underlying negligence claims (tort claims).  That said, Tatroult's crossclaims do not arise out of the credit agreement described in KBF's original action.  Tatroult's crossclaims also do not involve the equipment or merchandise purchased by Slyder from SPOC pursuant to the credit agreement.  And Tatroult's crossclaims do not arise out of KBF's insurance agreement with SPOC, pursuant to which KBF agreed to cover certain unpaid debts or obligations owed to SPOC.  Thus, Tatroult's crossclaims do not arise out of any of the contracts or contractual relationships that are in issue in the original action.  In these circumstances, it matters not at all that both the original action and the crossclaims happen to be based on contract theories of recovery.  The original action and the crossclaims simply do not arise out of the same transaction or occurrence, as required by Rule 13(g).

Moreover, if the "logical relationship" test is applied, Tatroult's crossclaims fail that test, because they do not involve "many of the same factual or legal issues present in the main action." Allstate, 87 F.R.D. at **4-5.  The only arguable relationship between the original action and the crossclaims is the fact of Tatroult's employment for Slyder.  But that type of "general relevancy" between the original action and the crossclaims is not enough to satisfy Rule 13(g). Id. at *5.

Finally, Tatroult argues for a liberal interpretation of Rule 13(g). But even a liberal standard cannot overcome the plain language of the rule.  The crossclaims do not arise out of the same transaction or occurrence that is the subject matter of the original action, which is what the rule requires.

4

Conclusion

Tatroult's crossclaims do not come within the requirements of Rule 13(g). Accordingly, after careful consideration, Slyder's motion for dismissal of Tatroult's crossclaims is **GRANTED**. Doc. no. 27. The crossclaims alleged in Tatroult's answer and crossclaim (doc. no. 26) are **DISMISSED** without prejudice.

IT IS SO ORDERED this 6th day of January, 2020.

*[signature]*

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0643p007.docx